UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXEY SVETLICHNYY,<br><br>a/k/a "Joga",<br><br>Defendants. | CRIMINAL NO. 15- 10071<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1349 -<br>Wire Fraud Conspiracy<br><br>18 U.S.C. § 982(a)(2)(A) -<br>Criminal Forfeiture |

INFORMATION

The United States Attorney charges that:

GENERAL ALLEGATIONS

At all times relevant to this Information:

1.      Defendant ALEXEY SVETLICHNYY, a/k/a "Joga", was a Russian citizen who lived in Newton and Tewksbury, Massachusetts.

2.      Micaxr, LLC ("Micaxr") was a limited liability corporation, organized under the laws of Delaware, that SVETLICHNYY controlled.

3.      Carder Planet, Vendorsname, and Direct Connect ("the Carding Forums") were Internet forums dedicated to trafficking in stolen credit and debit card information and related account holder data ("Payment Card Data").

1

## THE CONSPIRACY AND SCHEME TO DEFRAUD

2.      In or about and between March 2010 and October 2013, in the District of

Massachusetts and elsewhere, the defendant,

ALEXEY SVETLICHNYY,
a/k/a "Joga",

together with others known and unknown to the United States Attorney, conspired to commit

wire fraud in violation of Title 18, United States Code, Section 1349, by using Payment Card

Data to buy consumer goods and retail gift cards online, re-selling those items over eBay, an

online auction website, and wiring the proceeds overseas.

## MANNER AND MEANS OF THE CONSPIRACY
## AND OF THE SCHEME TO DEFRAUD

The manner and means by which SVETLICHNYY and his coconspirators accomplished

the object of the conspiracy and of the scheme to defraud, included, among other things, the

following:

3.      SVETLICHNYY and his coconspirators unlawfully obtained Payment Card Data

over the Carding Forums.

4.      SVETLICHNYY and his coconspirators used the Payment Card Data to make

online purchases of electronic equipment and other consumer goods, including Apple iPads,

Samsung cell phones, laptop computers, servers, computers processors, scuba diving equipment,

high-end camera lenses, and water filtration equipment ( "Consumer Goods").

5.     SVETLICHNYY and his coconspirators also used the stolen Payment Card Data to make online purchases of stored value cards issued by or on behalf of credit card issuers and retailers, including American Express, Visa, Budget Rental Car, Frontier Airlines, and Macy's ("Stored Value Cards").

6.     When making these online purchases, SVETLICHNYY and his coconspirators frequently used the names and billing addresses associated with the stolen Payment Card Data, but SVETLICHNYY and his conspirators caused the Consumer Goods and Stored Value Cards to be shipped to addresses that SVETLICHNYY and his conspirators controlled ("the Drop Addresses").

7.     SVETLICHNYY and his coconspirators advertised over Russian language social networks to recruit individuals who lived at the Drop Addresses ("Drops") to receive the Consumer Goods and Stored Value Cards even though the Drops had not purchased these items and did not know the individuals whose Payment Card Data had been used to make the purchases.

8.     SVETLICHNYY and his conspirators paid the Drops to re-ship the items to addresses in Chelmsford and North Reading, Massachusetts, among other places, where SVETLICHNYY had opened private commercial mailboxes in Micaxr's name.

9.     SVETLICHNYY and his coconspriators established an account in the name of Micaxr on eBay.

10.     SVETLICHNYY and his conspirators used the Micaxr eBay account to sell the Consumer Goods and Stored Value Cards, frequently at a discount to prices that similar consumer goods and stored value cards would command in the marketplace.

11.     In this fashion, between approximately March 2010 and October 2013, SVETLICHNYY and his conspirators received approximately $427,182.44 from the sale of Stolen Consumer Goods and Stored Value Cards over eBay.

12.     SVETLICHNYY and his conspirators used bank accounts in SVETLICHNYY's name to wire proceeds of the fraud scheme to bank accounts that they controlled in Russia, including wire transfers totaling more than $135,000 to accounts in the name of "V.T." at three Russian banks.

## COUNT ONE

(Conspiracy to Commit Wire Fraud -- 18 U.S.C. § 1349)

The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 13 of this Information and further charges that:

13.     Between at least as early as March 2010 and continuing through in or about October 2013, in the District of Massachusetts and elsewhere, the defendant,

ALEXEY SVETLICHNYY,
a/k/a "Joga",

knowingly conspired and agreed with other persons known and unknown to the United States Attorney to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, to transmit and to cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing that scheme and artifice, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

18 U.S.C. § 982(a)(2)(A)

14.     Upon conviction of the offense alleged in Count One of this Information, the defendant,

**ALEXEY SVETLICHNYY,**
a/k/a "Joga",

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.   The property to be forfeited includes, but is not limited to:

a.     $ 427,182.44 in United States currency;

b.     the 2007 Lexus RX400H bearing Vehicle Identification Number JTJHW31U872037779; and

c.     the following property seized from SVETLICHNYY at the time of his arrest in October 2013;

1.     Nikon 70-300mm f/4.5-5.6G ED-IF   camera lens
2.     Katadyn Pocket water filter (8013618)
3.     Intel Core i3-3225 computer processor (BX80637I33225)
4.     Intel Core i5-4670 computer processor (BX80646I54670)
5.     Lenovo G500 laptop computer (59373039)
6.     Toshiba Satellite laptop computer (s55-a5274)
7.     Oceanic VT 4.1 scuba dive computer
8.     Scubapro Galileo Sol Dive Computer; and
9.     Suunto D9tx Elastometer

15.     If any of the property described above, as a result of any act or omission of the defendant,

6

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

CARMEN M. ORTIZ
UNITED STATES ATTORNEY


By: SETH B. KOSTO   (BBO#641044)
ERIC CHRISTOFFERSON (BBO# 654087)
ASSISTANT U.S. ATTORNEYS
U.S. Attorney's Office for the District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210
(617) 748-3230
seth.kosto@usdoj.gov
eric.christofferson@usdoj.gov

7